**NOT FOR PUBLICATION**



### UNITED STATES BANKRUPTCY APPELLATE PANEL
### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   NC-16-1255-BJuF |
| ) | |
| PACIFIC THOMAS CORPORATION, ) | Bk. No.   14-54232-MEH |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| RANDALL C.M. WHITNEY, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| KYLE EVERETT, Chapter 11 ) | |
| Trustee; PACIFIC THOMAS ) | |
| CORPORATION, ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

Argued and Submitted on June 22, 2017,
at San Francisco, California

Filed - August 3, 2017

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable M. Elaine Hammond, Bankruptcy Judge, Presiding

Appearances:     Appellant Randall C.M. Whitney argued pro se;
Mia S. Blackler of Buchalter, A Professional
Corporation argued for appellee Kyle Everett,
Chapter 11 Trustee.

Before:   BRAND, JURY and FARIS, Bankruptcy Judges.

---

[1]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Appellant Randall Whitney appeals an order denying his motion for relief from the automatic stay, wherein he sought to continue prosecuting a pending state court mandamus action he had brought during the bankruptcy case on behalf of the debtor.  We AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.   The bankruptcy filing; the sale and abandonment of property**

Pacific Thomas Corporation dba Pacific Thomas Capital dba Safe Storage ("Pacific") filed a chapter 11[2] bankruptcy case on August 6, 2012.[3]  Pacific owned several parcels of real property in Oakland, California.  The estate's real property fell into three categories:  (1) the Self-Storage Facility; (2) the Commercial Buildings; and (3) two parcels of undeveloped land.

Whitney is the president of Pacific and was initially designated as the responsible individual for the debtor-in-possession in charge of management, administration, leasing and property management.  Throughout the following proceedings, except for the motion to appoint a chapter 11 trustee, Whitney has represented himself.

In January 2013, after allegations from creditors and the U.S. Trustee of Whitney's mismanagement of Pacific, appellee Kyle Everett was appointed as chapter 11 trustee ("Trustee") for Pacific, thereby removing Whitney as the responsible individual

---

[2]  Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[3]  Because Mr. Whitney presented us with an incomplete record on appeal, we have exercised our discretion to review certain documents on the bankruptcy court's docket, as appropriate.  See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

acting on behalf of the debtor and giving Trustee exclusive control over Pacific's estate and its assets.

Shortly after Trustee's appointment, he began marketing efforts to sell the estate's real property. One impediment to any potential sale closing was the estate's ability to obtain four Certificates of Compliance ("Certificates") from the City of Oakland with respect to portions of Pacific's real property. A Certificate of Compliance is a document from the City stating that the title deeds and parcel maps are in compliance with the Subdivision Map Act. The required Certificates involved parcels of land that together made up the Self-Storage Facility. Trustee requested the Certificates from the City on March 31, 2014.

In July 2014, Trustee moved for an order approving the sale of the Self-Storage Facility free and clear of liens to Comcore, Inc. for $12,950,000. In conjunction with the sale motion, Trustee moved to abandon the Commercial Buildings. Trustee contended he was unable to sell the Commercial Buildings on a stand-alone basis despite diligent marketing efforts. In addition, the asset was substantially overencumbered. Trustee wished to abandon the Commercial Buildings because of their inconsequential value and lack of any benefit to the estate.[4]

Over Whitney's and Pacific's objections, the bankruptcy court entered orders approving the sale of the Self-Storage Facility ("Sale Order") and the abandonment of the Commercial Buildings ("Abandonment Order"). In the Sale Order, the court found that

[4] Before Trustee had the opportunity to abandon the estate's interest in the Commercial Buildings, the lender obtained relief from the automatic stay and foreclosed its lien on those properties.

-3-

negotiations for the sale of the Self-Storage Facility to Comcore were fair and at arm's length and that Comcore was a good faith purchaser entitled to the protections of § 363(m). The sale closed on October 31, 2014.

Whitney appealed the Sale Order and the Abandonment Order to the District Court for the Northern District of California ("District Court"). The District Court dismissed the appeals as moot. In finding the Sale Order moot, the court pointed to the bankruptcy court's good faith finding under § 363(m), and the facts that Whitney did not request a stay and the sale of the Self-Storage Facility had since closed. Whitney appealed the District Court's rulings to the Ninth Circuit Court of Appeals, which dismissed the appeals as moot on October 20, 2015.

**B.    Events leading to Whitney's stay violation and contempt order**

**1.    Mandamus action against City of Oakland**

In September 2014, prior to the sale closing, the City issued the Certificates for Pacific's property. Believing they contained significant errors and omissions, Whitney met with a City official on October 10, 2014, to discuss them. The City refused to revoke the Certificates. Trustee, who did not dispute their accuracy, caused the Certificates to be recorded on October 13, 2014.

In an effort to appeal the City's decision respecting the Certificates and have them revoked, Whitney filed a petition for writ of administrative mandamus against the City and various City officials on October 22, 2014 ("Mandamus Action"). Whitney represented himself as the "debtor representative" of Pacific, even though he had not served in that capacity since January 2013 and Trustee was the party who had requested the Certificates.

Whitney did not name Trustee as a party in interest. Whitney asserted that he was beneficially interested in the Mandamus Action because he was an "equity stakeholder, secured creditor guarantor and debtor representative of [Pacific] and the titles to the properties of [Pacific] [we]re being compromised by issuance of defective Certificates rendering him potentially liable for the costs and expenses of title actions arising from reliance upon the accuracy of the Certificates." Whitney also stated that he was opposed to the sale of the Self-Storage Facility. In conjunction with the Mandamus Action, Whitney procured from the state court and recorded four lis pendens ("Lis Pendens") against Pacific's real property on October 30, 2014.

**2. Trustee's contempt motion**

Trustee moved for an order to show cause why Whitney should not be held in contempt for violating the automatic stay for his ex-parte procurement and recording of the Lis Pendens on estate property, which Trustee contended was Whitney's attempt to thwart Trustee's sale efforts.[5] Trustee contended that Whitney had violated the automatic stay under § 362(a)(3) by attempting to exercise control over estate property. Despite his demands that Whitney expunge the Lis Pendens, which Trustee contended were void, Whitney had refused to do so.

In his declaration in support, Trustee noted that he was not

---

[5] Trustee noted that, despite Whitney's efforts to thwart the sale to Comcore and to create a perceived cloud on title to the portions of Pacific's property comprising the Self-Storage Facility, the sale did close on October 31, 2014. However, when Whitney filed the Mandamus Action on October 22 and recorded the Lis Pendens on October 30, the Self-Storage Facility was still property of the estate.

-5-

served with Whitney's Mandamus Action papers until October 29, 2014, the day after the ex-parte hearing before the state court. Trustee had further learned that the state court had continued the October 28 hearing to October 30, because Whitney had failed to give notice to Trustee. Even though Trustee received Whitney's papers on October 29, Whitney failed to notify him of the continued hearing, at which Trustee said he or his counsel would have appeared. Trustee expressed his concern that Whitney had made factually inaccurate representations and intentional omissions to the state court upon which it relied in ordering the issuance of the Lis Pendens, including Whitney's assertion that he acted as Pacific's representative when he sought to obtain the Lis Pendens. Trustee maintained he was the only one who could act for Pacific.

Whitney opposed the Contempt Motion, arguing that the recording of the Lis Pendens did not violate the automatic stay. Whitney contended that the purpose of the Mandamus Action was to correct the wrongly issued Certificates for the benefit of the estate and subsequent property owners; it was not an attempt to collect a debt or to obtain possession of estate property.

The bankruptcy court entered an order finding that Whitney had violated the automatic stay under § 362(a)(3) with his recording of the Lis Pendens, which the court determined created a cloud on title and was an act to exercise control over estate property ("Stay Violation Order"). The court declared the Lis Pendens void and further ordered that Whitney expunge them by November 20, 2014. When Whitney did not make any efforts to expunge the Lis Pendens, Trustee did so.

-6-

Whitney appealed the Stay Violation Order to the District Court, which affirmed.[6] In its order denying Whitney's request for a stay pending appeal, the bankruptcy court opined that Whitney's filing of the Mandamus Action was not an attempt to assist the estate or clarify title as he had contended; it was an attempt to control and further delay Trustee's efforts to oversee the estate and its disposition.

The bankruptcy court also found Whitney in contempt for willfully violating the automatic stay. The court awarded Trustee $30,000 in attorney's fees and costs incurred for prosecuting Whitney. The court warned Whitney that, if there was any question whether an act he sought to take would affect Pacific or property of the estate, he should file a motion requesting relief from the automatic stay before taking such action and risking further sanctions. Whitney did not appeal the contempt order.

**C.    Whitney's motion for relief from stay and order at issue**

On June 30, 2016, Whitney filed a motion for relief from the automatic stay under § 362(d)(2) to allow him to proceed with the pending Mandamus Action ("Stay Relief Motion"). Whitney noted that all of Pacific's real property had either been sold or lost to foreclosure. Whitney maintained that the state court had stayed the Mandamus Action until he was able to obtain an order granting relief from stay from the bankruptcy court. Trustee did not file an opposition.

The bankruptcy court held a hearing on Whitney's Stay Relief

---

[6]   Whitney has appealed the Stay Violation Order to the Ninth Circuit Court of Appeals, where it is still at the briefing stage as of August 2, 2017. Case No. 16-15527.

Motion. Counsel for Trustee appeared, noting his opposition on the record. Counsel explained that the state court had informed Whitney in 2014 that if he wished to pursue the Mandamus Action, he had to obtain relief from stay by April 2015; that did not happen. In any event, Trustee contended that Whitney could not complain about the Certificates: he was not the debtor representative; he was not a party to the property sale; and he was not asked by the buyers to pursue any action for them.

The bankruptcy court also questioned how Whitney could pursue the Mandamus Action on behalf of Pacific. Whitney responded that he had standing to challenge the allegedly defective Certificates because they affected adjacent property he owned.

After hearing further argument, the bankruptcy court announced its ruling to deny Whitney's Stay Relief Motion. The court found that, to the extent Whitney had any rights separate and apart from Pacific to challenge the Certificates, it was not appropriate to grant relief from stay to allow that to proceed through the Mandamus Action.

The bankruptcy court entered an order denying Whitney's Stay Relief Motion on the basis that the sale of Pacific's real property and the proceeds therefrom were necessary to an effective reorganization. The court found that Whitney's effort to obtain relief from stay to pursue the Mandamus Action was simply another attempt to challenge the validity of the Self-Storage Facility sale, to which he was not a party. This timely appeal followed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

-8-

## III. ISSUES

Did the bankruptcy court abuse its discretion in denying the Stay Relief Motion?

## IV. STANDARDS OF REVIEW

We review for an abuse of discretion the bankruptcy court's decision to grant or deny relief from the automatic stay under § 362(d). Gruntz v. City of L.A., 202 F.3d 1074, 1084 n.9 (9th Cir. 2000); Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer), 405 B.R. 915, 919 (9th Cir. BAP 2009). A bankruptcy court abuses its discretion if it applies the wrong legal standard or its findings are illogical, implausible or without support in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

We may affirm on any ground supported by the record, regardless of whether the bankruptcy court relied upon, rejected or even considered that ground. Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014).

## V. DISCUSSION

**The bankruptcy court did not abuse its discretion in denying the Stay Relief Motion.**

The Bankruptcy Code designates the trustee as the estate's representative and endows him or her with the "exclusive right" to sue and be sued in that capacity. See § 323(a); Spirtos v. One San Bernardino Cty. Super. Ct. Case, 443 F.3d 1172, 1175-76 (9th Cir. 2006). Thus, generally speaking, only the trustee has standing to prosecute any legal claim on behalf of the estate. Spirtos, 443 F.3d at 1176.

As a threshold matter, Whitney did not have the right to file

-9-

the Mandamus Action in October 2014 on behalf of Pacific; that right belonged to Trustee as the estate's representative. Whitney also could not continue prosecuting the pending (or not) Mandamus Action filed on behalf of Pacific, even though the estate's property has since been sold. In the Mandamus Action, Whitney seeks to challenge the validity of the Certificates that were issued with respect to Pacific's real property, which has been sold to a third party pursuant to a final Sale Order. It is clear from his pleadings filed in the Mandamus Action and his opening appeal brief that Whitney is not seeking relief for himself but trying to prosecute an action he says will benefit the estate. Only Trustee can do that.

While Whitney contended at the stay relief hearing that the erroneous Certificates negatively impacted adjacent property he owns, he never established before the bankruptcy court what that property is, whether he actually owns it and what "impact" the Certificates have had regarding this adjacent property. We agree with the bankruptcy court that, to the extent Whitney has any rights separate and apart from Pacific to challenge the Certificates, he is free to pursue them through his **own** action without the need for relief from stay. However, it was simply not proper for Whitney to pursue his individual rights, if any, through **this** Mandamus Action, which was clearly filed on behalf of the estate.

Although the bankruptcy court ultimately denied Whitney's Stay Relief Motion on a different basis from what it had stated at the hearing, we can affirm on any ground supported by the record. We conclude that the court did not abuse its discretion in denying

Whitney's requested relief.

**VI. CONCLUSION**

Finding no error, we AFFIRM.